U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2022 JUL 12  PM 3: 24

CLERK

BY_____
DEPUTY CLERK

LORI B.,                                      )
                                              )
            Plaintiff,                        )
                                              )
    v.                                        )     Case No. 2:21-cv-00125
                                              )
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
            Defendant.                        )

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
AN ORDER REVERSING THE DECISION OF THE COMMISSIONER,
DENYING THE COMMISSIONER'S MOTION TO AFFIRM, AND
REMANDING FOR FURTHER PROCEEDINGS**
(Docs. 11 & 14)

Plaintiff Lori Bowen is a claimant for Social Security Supplemental Security

Income ("SSI") and Disability Insurance Benefits ("DIB") payments under the Social

Security Act ("SSA") and brings this action pursuant to 42 U.S.C. § 405(g) to reverse the

decision of the Social Security Commissioner (the "Commissioner") that she is not

disabled.[1] (Doc. 11.) The Commissioner moves to affirm. (Doc. 14.) Plaintiff replied on

March 25, 2022, at which time the court took the pending motions under advisement.

After her application for SSI and DIB was denied initially and on reconsideration

by the Social Security Administration, Administrative Law Judge ("ALJ") Tanya J.

Garrian found Plaintiff ineligible for benefits based on her conclusion that Plaintiff could

---

[1] Disability is defined as the inability "to engage in any substantial gainful activity by reason of
any medically determinable physical or mental impairment which can be expected to result in
death or which has lasted or can be expected to last for a continuous period of not less than
[twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant's "physical or
mental impairment or impairments" must be "of such severity" that the claimant is not only
unable to do any previous work but cannot, considering the claimant's age, education, and work
experience, engage in any other kind of substantial gainful work which exists in the national
economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

perform her past relevant work as described and as performed generally in the economy and was therefore not disabled between the alleged disability onset date of August 30, 2013 and March 27, 2020, the date of the ALJ's decision.

Plaintiff identifies two errors in the disability determination: (1) the ALJ erred as a matter of law in finding Plaintiff's menorrhagia and dysmenorrhea[2] were not severe impairments; and (2) the ALJ failed to properly weigh the medical opinion evidence.

Plaintiff is represented by Bryden F. Dow, Esq. The Commissioner is represented by Special Assistant United States Attorney Luis Pere.

I.      **Procedural History.**

Plaintiff filed her application for SSI and DIB on November 20, 2015, alleging disability as of August 30, 2013 and identifying the following disabling conditions: chronic obstructive pulmonary disease ("COPD"), anemia, anxiety, stress ulcers, asthma, and abnormal uterine bleeding. (AR 168, 409.) Her claim was denied on April 6, 2016 and was denied again upon reconsideration on May 31, 2016. Plaintiff timely filed a request for a hearing, which was held before ALJ Paul G. Martin on August 3, 2017 in Burlington, Vermont. Plaintiff appeared and was represented by counsel. Both Plaintiff and Vocational Expert ("VE") Elizabeth Laflamme testified.

On October 4, 2017, ALJ Martin issued an unfavorable decision which Plaintiff administratively appealed. On July 24, 2019, the Appeals Council vacated ALJ Martin's decision and remanded the case, ordering the ALJ on remand to "offer [Plaintiff] an opportunity for a hearing, take any further action needed to complete the administrative record[,] and issue a new decision." (AR 188.)

On February 27, 2020, a hearing was held before ALJ Garrian via videoconference. Plaintiff appeared and was represented by counsel. Both Plaintiff and VE Susan Gaudet testified. On March 27, 2020, ALJ Garrian issued an unfavorable

_____

[2] Menorrhagia and dysmenorrhea are medical terms for abnormally heavy menstrual bleeding and cramping, respectively. (Doc. 11 at 4.) Throughout the record and briefing, both Plaintiff and the Commissioner use these terms interchangeably with "abnormal uterine bleeding" to describe Plaintiff's condition. The court will adopt this same usage.

2

decision which Plaintiff administratively appealed. On March 22, 2021, the Appeals Council denied review and thus ALJ Garrian's decision stands as the Commissioner's final decision.

Plaintiff appealed to this court in May 2021 and moved to reverse the Commissioner's decision on December 17, 2021. The Commissioner moved to affirm on March 8, 2022, and Plaintiff replied on March 25, 2022.

**II.     ALJ Garrian's March 27, 2020 Decision.**

In order to receive SSI or DIB under the SSA, a claimant must be disabled on or before the claimant's date last insured. A five-step, sequential-evaluation framework determines whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)).

"The claimant has the general burden of proving that he or she has a disability within the meaning of the Act, and bears the burden of proving his or her case at steps one through four of the sequential five-step framework established in the SSA regulations[.]" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and citation omitted). At Step Five, "the burden shift[s] to the Commissioner to show there is other work that [the claimant] can perform." *McIntyre*, 758 F.3d at 150 (alterations in original) (internal quotation marks omitted).

At Step One, ALJ Garrian found Plaintiff had not engaged in substantial gainful activity since August 30, 2013, the alleged onset date. At Step Two, she concluded that Plaintiff had the following severe impairments: COPD, asthma, and obesity. ALJ Garrian

found Plaintiff's right foot fracture, gastroesophageal reflux disease, menorrhagia, dysmenorrhea, and anxiety were non-severe impairments.

At Step Three, ALJ Garrian concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings. ALJ Garrian analyzed Plaintiff's physical impairments under Listings 3.02 and 3.03 and considered "the effects of [Plaintiff's] obesity in accordance with the criteria set forth in SSR 19-2p." (AR 19.)

At Step Four, ALJ Garrian determined Plaintiff had the RFC to "perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except: [Plaintiff] should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation." (AR 19.) In light of this RFC, Plaintiff could perform her past relevant work as a deburrer and housekeeper as described and as performed generally in the economy. As a result, ALJ Garrian concluded that Plaintiff was not disabled from August 30, 2013 through March 27, 2020, the date of her decision.

## III.   Conclusions of Law and Analysis.

### A.   Standard of Review.

In reviewing the Commissioner's decision, the court "conduct[s] a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and citations omitted).

It is the Commissioner who resolves evidentiary conflicts and determines credibility issues, and the court "should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998); *see also Aponte v. Sec'y, Dep't of Health & Human Servs. of U.S.*, 728 F.2d 588, 591 (2d Cir. 1984) (noting "genuine conflicts in the medical evidence are for the Secretary to resolve"). Even if the

court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied. *See* 42 U.S.C. § 405(g); *McIntyre*, 758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

**B.     Whether the ALJ Erred in Determining That Plaintiff's Menorrhagia and Dysmenorrhea Were Not Severe Impairments.**

Plaintiff claims the Appeals Council's remand order required ALJ Garrian to find Plaintiff's menorrhagia and dysmenorrhea were severe impairments at Step Two. The Commissioner argues that the remand order did not mandate any Step Two findings and, even if it did, any error was harmless because ALJ Garrian considered Plaintiff's non-severe impairments in determining her RFC.

"The Appeals Council may remand a case to an [ALJ] so that he or she may hold a hearing and issue a decision or a recommended decision." 20 C.F.R. § 404.977(a). "The Appeals Council may also remand a case in which additional evidence is needed or additional action by the [ALJ] is required." *Id.* On remand, an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977. An "ALJ's failure to comply with the Appeals Council's order constitutes legal error and necessitates a remand." *Susan B. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 225, 234 (D. Vt. 2021) (quoting *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009)).

In her applications for SSI and DIB, Plaintiff listed "abnormal uterine bl[ee]ding" as a medical condition that limited her ability to work. (AR 409.) In his 2017 decision, ALJ Martin found that Plaintiff's "abnormal uterine bleeding" was a severe impairment. (AR 171.) On November 23, 2018, the Appeals Council notified Plaintiff by letter that it "agree[d] with and intend[ed] to adopt" ALJ Martin's Step Two findings, including his determination that Plaintiff's "abnormal uterine bleeding" was a severe impairment. (AR 270.) Plaintiff contends the Appeals Council thereby "adopted" ALJ Martin's finding as

5

to Plaintiff's abnormal uterine bleeding. (Doc. 11 at 5.) The court agrees that this is the only reasonable interpretation of the Appeals Council's letter.

Thereafter, however, the Appeals Council reversed course and decided not to adopt ALJ Martin's findings. In its July 24, 2019 remand order, it "vacate[d] the hearing decision" and ordered the ALJ to "issue a new decision." (AR 188.) The remand order did not address whether Plaintiff's menorrhagia and dysmenorrhea were severe impairments and did not require or recommend that ALJ Martin's Step Two findings be adopted on remand. Because it was "not inconsistent with the Appeals Council's remand order[,]" 20 C.F.R. § 404.977, it was not legal error for ALJ Garrian to make her own determination at Step Two as to whether Plaintiff's menorrhagia and dysmenorrhea were severe impairments.

Even if ALJ Garrian's conclusion regarding Plaintiff's menorrhagia and dysmenorrhea was erroneous, a remand is not necessary if ALJ Garrian considered the conditions in determining Plaintiff's RFC. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) ("Because these conditions were considered during the subsequent steps, any error was harmless.") (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)). That standard is satisfied here. *See* AR 16 ("[T]he significant limitation to the light exertional level would more than account for any residual limitations stemming from [menorrhagia and dysmenorrhea]."); *id.* ("[ALJ Garrain] considered all of [Plaintiff's] medically determinable impairments, including those that are not severe, when assessing [her] residual function capacity.").

Plaintiff's motion to reverse based on ALJ Garrian's alleged failure to follow the Appeals Council's remand order is therefore DENIED. While ALJ Garrian's consideration of Plaintiff's menorrhagia and dysmenorrhea does not warrant remand, her evaluation of the medical opinion evidence does.

**C.      Whether the ALJ Erred in Evaluating the Medical Opinion Evidence.**

Plaintiff claims that ALJ Garrian erred at Step Four by failing to properly weigh the medical opinion of Michael Scovner, M.D., Plaintiff's primary care physician. In his August 2017 "Treating Source Statement," Dr. Scovner opined that Plaintiff needed to

avoid any exposure to pulmonary irritants or extreme temperatures; would be off task more than two hours per workday; would miss more than four workdays per month; and could perform only part-time, sedentary work. (AR 791-94.) The record contains Dr. Scovner's treatment notes as well as several forms he completed for Plaintiff's employers explaining her absences in 2012 and 2013, prior to the alleged disability onset date, and two forms he submitted to the State of Vermont in 2014 and 2015 requesting that Plaintiff be exempted from a state assistance program's training or employment requirements due to her COPD and abnormal uterine bleeding.

ALJ Garrian "afforded little weight" to Dr. Scovner's opinions, finding them inconsistent with evidence in the record, "which reflected only moderate pulmonary symptoms with generally normal objective signs[,]" such as normal chest x-rays. (AR 21.) ALJ Garrian determined the "significant limitations" Dr. Scovner recommended were inconsistent with Plaintiff's stated activities of daily living, such as cleaning her home. *Id.*

ALJ Garrian assigned "great weight" to the opinions of state agency medical consultants Geoffrey Knisely, M.D., and Carl Runge, M.D., which predated Dr. Scovner's August 2017 opinion. *Id.* She found the opinions of Drs. Knisely and Runge were consistent with the record and provided a functional assessment of Plaintiff's abilities. She noted that both consultants were "familiar with the disability program." *Id.*

Plaintiff argues that ALJ Garrian failed to comply with the requirements of the treating physician rule[3] by (1) not assigning Dr. Scovner's August 2017 opinion controlling weight; (2) not explicitly considering the factors set forth in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008) in evaluating how much weight to give Dr. Scovner's opinion if it was not entitled to controlling weight; and (3) assigning significant weight to the opinions of state agency medical consultants.

The Second Circuit has explained the requirements of the treating physician rule

---

[3] The treating physician rule does not apply to cases filed on or after March 27, 2017, but applies to this case because it was filed in 2013. *See* 20 C.F.R. §§ 416.927; 416.920c.

as follows:

> Social Security Administration regulations, as well as our precedent,
> mandate specific procedures that an ALJ must follow in determining the
> appropriate weight to assign a treating physician's opinion. First, the ALJ
> must decide whether the opinion is entitled to controlling weight. "[T]he
> opinion of a claimant's treating physician as to the nature and severity of
> [an] impairment is given 'controlling weight' so long as it 'is well-
> supported by medically acceptable clinical and laboratory diagnostic
> techniques and is not inconsistent with the other substantial evidence in
> [the] case record.'" *Burgess*, 537 F.3d at 128 (third brackets in original)
> (quoting 20 C.F.R. § 404.1527(c)(2)). Second, if the ALJ decides the
> opinion is not entitled to controlling weight, it must determine how much
> weight, if any, to give it. In doing so, it must "explicitly consider" the
> following, nonexclusive "*Burgess* factors": "(1) the frequen[cy], length,
> nature, and extent of treatment; (2) the amount of medical evidence
> supporting the opinion; (3) the consistency of the opinion with the
> remaining medical evidence; and (4) whether the physician is a specialist."
> *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) (citing
> *Burgess*, 537 F.3d at 129 (citing 20 C.F.R. § 404.1527(c)(2))). At both
> steps, the ALJ must "give good reasons in [its] notice of determination or
> decision for the weight [it gives the] treating source's [medical] opinion."
> *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam) (quoting
> 20 C.F.R. § 404.1527(c)(2)).
>
> An ALJ's failure to "explicitly" apply the *Burgess* factors when assigning
> weight at step two is a procedural error. *Selian*, 708 F.3d at 419-20. If "the
> Commissioner has not [otherwise] provided 'good reasons' [for its weight
> assignment]," we are unable to conclude that the error was harmless and
> consequently remand for the ALJ to "comprehensively set forth [its]
> reasons." *See Halloran*, 362 F.3d at 33. If, however, "a searching review of
> the record" assures us "that the substance of the treating physician rule was
> not traversed," we will affirm. *See id.* at 32.

*Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019) (alterations in original).

ALJ Garrian properly found Dr. Scovner's opinion was not controlling because

"substantial evidence in the record conflict[ed] with [Dr. Scovner's] opinion[.]" *Snell v.*

*Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). In particular, she cited normal test results in

treatment notes and Plaintiff's own testimony as to her activities of daily living. *See*

*Estrella*, 925 F.3d at 96 (holding treating physician's opinion "was not entitled to

controlling weight [because] the ALJ pointed to two positive treatment notes"). ALJ

Garrian also noted that Dr. Scovner's opinion was contradicted by the opinions of Drs. Knisely and Runge, which she found were supported by the record. *See Karen S. v. Comm'r of Soc. Sec.*, 2020 WL 4670911, at *13 (D. Vt. Aug. 11, 2020) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims[,] and their opinions may therefore constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks and citations omitted).

However, "[i]n subsequently deciding . . . to assign 'little weight' to Dr. [Scovner's] opinion, the ALJ provided no additional reasoning." *Estrella*, 925 F.3d at 96. ALJ Garrian considered just a single *Burgess* factor: "the consistency of the opinion with the remaining medical evidence[,]" *Selian*, 708 F.3d at 418 (citing *Burgess*, 537 F.3d at 129), and failed to "explicitly consider" "(1) the frequen[c]y, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; . . . and (4) whether the physician is a specialist." *Id.* (citing *Burgess*, 537 F.3d at 129). This was "procedural error." *Estrella*, 925 F.3d at 96.

"Because the ALJ procedurally erred, the question becomes whether 'a searching review of the record assure[s the court] that the substance of the rule was not traversed'— i.e., whether the record otherwise provides 'good reasons' for assigning 'little weight' to Dr. [Scovner's] opinion." *Id.* (alterations adopted) (quoting *Halloran*, 362 F.3d at 32). ALJ Garrian cited four treatment notes, Plaintiff's testimony regarding her daily activities, and the opinions of Drs. Knisely and Runge. While this evidence was sufficient to render Dr. Scovner's opinion non-controlling, the treating physician rule requires a more robust analysis before a treating physician's opinion is accorded little weight.

ALJ Garrian made "no effort to reconcile[,]" *Selian*, 708 F.3d at 419, the positive treatment notes with Dr. Scovner's more extensive treatment notes documenting Plaintiff's repeated episodes of sinusitis, bronchitis, pneumonia, and other conditions of COPD. *See Estrella*, 925 F.3d at 97 (holding "two cherry-picked treatment notes" which "[t]he ALJ made no attempt to 'reconcile'" with "longitudinal inconsistencies" in the record "do not provide 'good reasons' for minimalizing [treating physician's] opinion") (citation omitted). ALJ Garrian also did not address the inconsistencies *within* the

9

treatment notes she cited. For example, one treatment note she cited as showing a "normal" lung auscultation exam also records that Dr. Scovner diagnosed "COPD exacerbation" and ordered a chest x-ray. (AR 764-65.)

Likewise, ALJ Garrian failed to explain why Plaintiff's ability to carry out activities of daily living such as "clean[ing] dishes, sweep[ing], mop[ping], vacuum[ing], dust[ing], and clean[ing] bathrooms[,]" (AR 21), undercuts Dr. Scovner's opinion. Plaintiff's ability to "engage in activities necessary to her own welfare" does not alone "make a treating physician's findings flawed and foreclose an applicant's entitlement to disability benefits." *Colgan v. Kijakazi*, 22 F.4th 353, 363 (2d Cir. 2022) (citing *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)).

Finally, ALJ Garrian did not address why the earlier opinions of non-examining physicians Drs. Knisely and Runge justified discounting Dr. Scovner's opinion which post-dates their review of the record. *Cf. Estrella*, 925 F.3d at 98 ("[T]he opinion of . . . a one-time consultative psychologist . . . does not provide a good reason for diminishing [a treating physician's] opinion."). Even where consistent with the record, "[t]he general rule is that the written reports of medical advisors who have not personally examined the claimant deserve little weight in the overall evaluation of disability. The advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant." *Ridge v. Berryhill*, 294 F. Supp. 3d 33, 61 (E.D.N.Y. 2018) (internal quotation marks omitted) (quoting *Vargas v. Sullivan*, 898 F.2d 293, 295-96 (2d Cir. 1990)).

Because the record does not reveal that the "substance of the treating physician rule" was followed in this case, a remand is required. *Compare Estrella*, 925 F.3d at 97-98 (holding that citing "two cherry-picked treatment notes" and relying on consultative examiner's opinion "traversed the substance of the treating physician rule"), *with Halloran*, 362 F.3d at 32 (holding that ALJ applied "substance of the treating physician rule" by discussing the consistency of treating physician's opinion "with the record as a whole[,]" comparing the treating physician's opinion with "many findings" of examining consultant's opinion, and explaining how "the two key findings made by [the treating

10

physician]" did not support the recommended limitations).

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for an order reversing the decision of the Commissioner (Doc. 11) and DENIES the Commissioner's motion to affirm (Doc. 14). The court REMANDS this case to the Commissioner for reconsideration of Plaintiff's claim for SSI and DIB.[4] "On remand, the ALJ should apply all four *Burgess* factors in determining the appropriate weight to accord to Dr. [Scovner's] opinion." *Estrella*, 925 F.3d at 98; *see also Halloran*, 362 F.3d at 32-33 (providing "good reasons" in assigning weight to treating physician's opinions "greatly assists [judicial] review of the Commissioner's decision and 'lets claimants understand the disposition of their cases'") (alteration adopted) (quoting *Snell*, 177 F.3d at 134).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of July, 2022.

Christina Reiss, District Judge
United States District Court

---

[4] Plaintiff requests the court remand for calculation of benefits, but the court "decline[s] to do so because [Plaintiff] has not shown that [s]he is entitled to benefits based on the record below." *Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013) (citing *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 2000) (holding remand for award of benefits is appropriate only where the record "provide[s] persuasive evidence of total disability that [would render] any further proceedings pointless")).

11